## Case No. 12,000.

### ROFF v. WASS et al.

[2 Sawy. 538;[1] 19 Int. Rev. Rec. 94; 6 Chi. Leg. News, 186.]

Circuit Court, D. Oregon. Feb. 9, 1874.[2]

SALVAGE—DISTRIBUTION—DISCRETION OF JUDGE—OWNERS AND CREW.

1. The master and owners of the tug Astoria claimed and received $5,000 from the barkentine Falkinberg and her cargo for salvage service on the Columbia river, which sum was paid by the owners of said barkentine and cargo in full of such services, after a general and particular average of the loss, but the crew of the tug did not at the time make any formal claim for salvage, or expressly authorize the master or owners to make one for them, but afterward brought suit against the latter for their proper share of said salvage. *Held*, that the master and owners of the tug have the general charge of the claim for salvage, and that the bill presented by them in the name of the "steam tug Astoria and owners for salvage service," must be construed as covering the services of the crew, who, together with the vessel and its machinery, constituted the efficient agency that performed the salvage service.

[Cited in McConnochie v. Kerr, 9 Fed. 51, 58; McMullin v. Blackburn, 59 Fed. 179.]

1 [Reported by L. S. B. Sawyer, Esq, and here reprinted by permission.]

2 [Affirming Case No. 11,999.]

2. The distribution of salvage money depends largely upon the sound discretion of the judge, guided by the circumstances of the case, and where the decree of the court below is not manifestly erroneous, in this respect, it will be affirmed.

[Appeal from the district court of the United States for the district of Oregon.

[This was a libel by Eliza E. Roff, administratrix of William Roff, and others, against A. D. Wass and others, to recover proportionate part of money paid to defendants for salvage service, in which plaintiffs claim an interest. From a decree of the district court in favor of libellants (Case No. 11,999), respondents appeal.]

William Strong and W. W. Page, for appellants.

John A. Woodward, for appellee.

SAWYER, Circuit Judge. There can be no doubt that the services rendered by the steam-tug Astoria and her crew, out of which this case arose, was a salvage service. Besides the respondents' claim of $5000 was presented and allowed as for a salvage service, and I do not think they can now be heard to deny the service to be of this character.

The principal question discussed at the hearing of the appeal was, whether the $5000 was claimed and allowed for the entire salvage service, including the services of the crew, or only for the portion of the service to which the owners of the steam-tug were entitled. The crew had not authorized the owners to put in any claim on their behalf, nor had they at the time themselves made any formal claim. It does not even appear that they were aware that the owners contemplated making a claim for salvage. The owners did, however, present a claim against the vessel saved, in the language, "To steam-tug Astoria and owners, Dr., to salvage services, etc., $5000," which was allowed. There was a general and particular average, the vessel saved and the cargo contributing. I am satisfied, under the circumstances shown, that this claim covered the entire salvage service. It must have been so understood by the owners of the vessel, and of the cargo liable to contribute. It was necessary that all demands should be known, in order that a proper adjustment should be made, while the vessel and property were in a condition to be made to contribute each its proper share. The owners of the vessel rendering salvage service have the general charge and oversight in such proceedings. They would be likely to see that all just claims are presented in order to protect themselves. And the bill presented in the name of the "steam-tug Astoria and owners, for salvage services," must be construed as covering all adjuncts to the vessel contributing to the service under the directions of the officers in command. The vessel alone did not perform the service independent of the acts of the crew.

It was the vessel with its machinery, manned with its crew, worked under the direction of its commander, all co-operating together as one efficient agency, that saved the brigantine and its cargo. And as there is nothing in the bill presented and allowed that indicates an intent or understanding of the parties interested to limit the claim to that part of the compensation due to the owners of the vessel as separate claimants, it must be held to cover the entire service.

Upon ascertaining that a claim for the salvage service of $5000 had been presented by the owners of the steam-tug Astoria, allowed and paid, the libellants being members of the crew acquiesced in the amount, and now claim their proper share. I think they are entitled to recover it.

The only other questions are, as to whether the salvage money has been properly distributed by the district court. Upon this point, after a careful examination of the case, I cannot say that error is sufficiently apparent to my mind to justify disturbing the decree. There is no exact rule upon the subject applicable to all cases. The distribution must depend largely upon the sound discretion of the judge, guided by the circumstances of the case, and there is room for an honest difference of opinion. Upon the whole, I think the decree should be affirmed, and it is so ordered.