## THE OLIVE MOUNT.

*(District Court, D. Massachusetts. May 27, 1892.)*

1. SALVAGE--DISTRIBUTION AMONG SALVORS--WHEN OBJECTION TO WILL NOT LIE.
   Seamen, who authorized the owner of their vessel to make settlement in their behalf of all claims for salvage, cannot, after the settlement, collect against the property saved, if dissatisfied with the share of the award allowed them by such owner.

2. SAME--REMEDY--PROPER PARTY TO SUE.
   In such case, their remedy is by libel in admiralty against the owner of their own vessel to recover their share of the award.

In Admiralty. Libel for salvage. Dismissed.

*Bordman Hall*, for libelants.

*Frederic Cunningham*, for claimant.

NELSON, District Judge. This is a libel by four seamen, being part of the crew of the steam tug William Sprague, owned by the Boston Towboat Company, against the bark Olive Mount, for salvage. As the tug was lying at Scituate on the evening of July 19, 1891, the attention of the men in charge was attracted by a bright light on the eastern horizon, and, proceeding out, they found the bark Olive Mount on fire, and abandoned by her crew. By the exertions of the officers and men of the tug, and by the use of her steam pump, the fire was extinguished, and the vessel was then towed into Boston, and turned over to the towboat company. The owners of the vessel afterwards paid to the towboat company as salvage $2,500, or one half of the value of the property saved, and the vessel was then delivered into the possession of her owners. This sum was paid and receipted for as full compensation for the salvage services of all concerned, and it is agreed by the libelants to be a proper and sufficient compensation for the services rendered. The libelants afterwards made demand upon the company for their share of the reward, and, the company refusing to pay them as much as they claimed, they brought this suit against the vessel.

There are two sufficient reasons why this libel cannot be maintained:

1. The evidence shows conclusively that the libelants expected and authorized the company to make the settlement in their behalf of all claims against the vessel for salvage. Three of them testify that they expected the company to collect the salvage. The fourth does not quite admit this, but he hardly denies it. They all had knowledge of the negotiations going on between the owners of the vessel and the company for the settlement; but they made no objections, set up no separate claim, nor asked or expected to be consulted. The vessel, also, was delivered up to the owners without objections from them. They claimed their share after the money was paid, and it was only after their failure to come to an agreement with the company that they brought this suit. Their demand on the company ratified the settlement, even if no previous authority had been given.

2. Their remedy is against the towboat company, and not against the vessel. Two cases were cited in support of this suit, (*The Britain*, 1 W. Rob. 40, and *The Sarah Jane*, 2 W. Rob. 110,) in which Dr. LUSHINGTON awarded salvage to seamen, although full salvage had been paid to the owners. These cases can be accounted for upon the ground that the limited jurisdiction of the admiralty courts in England at that time did not afford any remedy to seamen by suit against the owners, and the law courts not being open to them, there was no way to protect their rights but by a suit against the vessel. But that is not the case here. When the owners of a vessel which has performed a salvage service make a settlement with the owners of the property saved, and receive the salvage, the crew may recover from them a due share of the reward by a libel in admiralty. *Studley* v. *Baker*, 2 Low. 205. The settlement was a just one, and was authorized by the libelants, and, if they are entitled to salvage by the terms of their employment, they can bring their suit against the towboat company which collected it, and is entirely responsible, and they should have done so. Libel dismissed, with costs.